IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELISSA DONEGAN,

    Plaintiff,

Vs.                                            No.: 2:20-cv-1420

ADELPHOI EDUCATION, INC.,

    Defendant.

## COMPLAINT

AND NOW, comes Plaintiff, MELISSA DONEGAN, , by and through her attorney, P. William Bercik, and sets forth her Complaint, as follows:

## NATURE OF CLAIM

1. This is an action seeking redress for wrongful termination under the Family and Medical Leave Act of 1993, 29 U.S.C. 2601 et seq., as amended ("FMLA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) as Plaintiff's causes of action arose in Pennsylvania.

## PARTIES

4. Plaintiff Melissa Donegan is an adult individual whose current address is 1611 Theatre Street, Latrobe, PA 15650.

5. Defendant Adelphoi Education, Inc. ("Adelphoi") is a Pennsylvania non-profit corporation with its principle place of business at 1119 Village Way, Latrobe, PA 15650.

6. Adelphoi is an is an employer within the meaning of 29 U.S.C. § 2611(4) of the FMLA, being engaged in activities affecting commerce and employing 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.  42 U.S.C. § 2000e.

7. At all relevant times, Adlephoi acted or failed to act through its authorized agents, servants and/or employees, who conducted themselves within the scope of their employment.

## FACTS

## COUNT I. VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

8. Plaintiff was hired as a special education teacher at Adelphoi in October of 2015.

9. Plaintiff experienced health issues in 2017 and 2018 and took leave under the FMLA.

10. During her periods of leaves under the FMLA, Plaintiff was routinely required to perform work activity in violation of the Act, including preparing Individual Education Plans ("IEPs"), report cards, confirming attendance at meetings, and finding appropriate substitute teachers.

11. Plaintiff also took leave under the Act in March of 2019, when she was again required to perform work activity as described above.

12. Plaintiff returned to work on May 17, 2019.

13. On her return to work, Plaintiff was given a written reprimand for an alleged violation of the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g.

14. Plaintiff was terminated from her employment on May 28, 2019, ostensibly because of the FERPA violation.

15. Plaintiff believes that her termination because of the FERPA violation is pretextual for the following reasons:

    a. The violation involved leaving copies of IEPs out on her counter before she left her classroom on March 28, 2019, due to medical emergency.

    b. Before she left, she was in the process of shredding the IEPs as they were already in a secure file.  The copies she was shredding had been created exclusively for use at a meeting.

    c. On the evening of March 28, 2019, she called Richard Ginther, the principal of her school, to advise him that the copies should be destroyed.

    d. She again advised Mr. Ginther on the morning of March 29, 2019 that the copies should be destroyed.

    e. The documents were allegedly discovered on April 9, 2019, even though substitute teachers had been in the classroom every day since March 29, 2019, all of whom are aware of the guidelines under FERPA and HIPPA.

    f. When Plaintiff returned to work on April 15, 2019 for one day, the IEPs were in Mr. Ginther's office and openly available.  Mr. Ginther's office is often not locked or secured.

    g. Plaintiff was not reprimanded for the FERPA violation on April 15, 2109;

    h. Plaintiff was not told and did not believe that the reprimand given on May 17, 2019 would lead to her termination.

    i. It would be unusual to terminate a teacher for a first FERPA violation.

16. Plaintiff enjoyed her work at Adelphoi and had always received positive evaluations.

17. Plaintiff believes and therefore avers that she was terminated because she took leave under the FMLA.

18. Plaintiff's termination is in violation of § 2615(a)(2) of the FMLA (29 U.S.C. § 2615(a)(2)).

19. Plaintiff has not been able to obtain suitable other employment.

20. Plaintiff seeks damages in the following form:

    a. Lost wages plus interest (29 U.S.C. § 2617(a)(1)(A)(i) and (ii)).

    b. Liquidated damages equal to her lost wages plus interest (29 U.S.C. § 2617(a)(1)(A)(iii)).

    c. Reinstatement of her employment (29 U.S.C. § 2617(a)(1)(B)).

    d. Reasonable attorneys fees, expert witness fees, and costs (29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Adelphoi Education, Inc. in an amount that will fully compensate her for the damages as claimed above and such other damages as the Court deems just and appropriate.

Respectfully submitted,

/s/ P. William Bercik_____
P. William Bercik
Attorney for Plaintiff,
Melissa Donegan

210 Grant Street, Suite 200
Pittsburgh, PA 15219

(412) 471-2587

Pa. ID No. 59174

Email: pwilliambercik@cs.com

4